

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 28, 2025

**BY ECF**
The Honorable Paul G. Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *United States v. Brian Esquilin*, 16 Cr. 450 (PGG)

Dear Judge Gardephe:

    The Government respectfully submits this letter in opposition to the defendant's letter dated February 26, 2025, requesting that his bail conditions be modified by removing the requirement to wear an ankle monitor and home detention. (Dkt. 118).

    The defendant has been charged in an amended violation of supervised release report dated December 16, 2024 (the "Violation Report"). The Violation Report charges the defendant with 12 specifications. Specifications 1 through 7 relate to an incident that took place on May 16, 2024, in the Bronx. During that incident, officers with the New York City Police Department (the "NYPD") observed the defendant selling crack cocaine (the "Narcotics Offense"). The defendant was arrested, and the officers recovered cocaine. While the NYPD officers were attempting to transport the defendant to the station, he bit one of the officers. The Bronx County District Attorney's Office charged the defendant with multiple offenses for this conduct, including criminal possession of a controlled substance in 7th degree, in violation of New York Penal Law Section 220.03, and assault in the 2nd degree, in violation of New York Penal Law Section 120.05. Specifications 8 through 12 relate to an incident that took place on December 12, 2024, during which NYPD officers found the defendant in an apartment with three other people and recovered a gun from a backpack near the defendant (the "Firearm Offense"). The other three people were arrested as well, and two of those people are known to be affiliated with gangs.

    On December 14, 2024, the defendant was presented before the Honorable Robyn F. Tarnofsky, United States Magistrate Judge for the Southern District of New York, and released on bond, which set, among other conditions, the requirement that the defendant be subject to home detention enforced by location monitoring. On December 16, 2024, the parties appeared before the Court for a bail argument. At the hearing, the Court denied the Government's request for detention but affirmed the bail conditions set by Judge Tarnofsky.

    The defendant has been and remains subject to conditions of pretrial release for good reason—among them, home detention enforced by location monitoring technology and a condition limiting his travel to this District and the Eastern District of New York. Those conditions are warranted to protect the public from the dangers posed by this defendant's pretrial release. Although the Court denied the Government's request for pretrial detention, the Government argued at that proceeding that the defendant's actions show that he is a danger to the community. Even if

February 28, 2025
Page 2

the Court found those arguments insufficient to justify detaining the defendant, those reasons are sufficient for the less invasive conditions at issue here. That is so for several reasons.

First, the Narcotics Offense involved the distribution of drugs, and the defendant has been convicted of prior narcotics trafficking. It is well-established in the Second Circuit that "the harm to society caused by narcotics trafficking is encompassed within Congress' definition of 'danger.'" *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985) (quoting 18 U.S.C. § 3141). Second, the Narcotics Offense also involved the use of violence towards a police officer in order to evade arrest. Third, although the Court expressed doubts about the viability of the firearms charges against the defendant at the December 16 bail hearing, the Government maintains that the defendant's association with known gang members demonstrates, at the very least, the need for strict location monitoring. Fourth, the defendant's current living situation has become hostile because of the defendant's conduct while on release. The defendant presently lives with a woman and their two-year-old son. The woman with whom the defendant lives has expressed to Probation and the defendant her exasperation with the defendant and her desire for him to leave her home, which has only her name on the lease. She indicated that the defendant often gets mad at her and is disrespectful, including by calling her names in front of their toddler. The defendant has repeatedly refused. Although the Government and Probation agree that home detention is warranted, we ask that the Court consider either directing the defendant to find another place to stay or detaining the defendant.

In addition, according to the defendant's Probation Officer, on multiple occasions, the defendant has informed Probation of his willingness to flee if he deems doing so necessary. Accordingly, in addition to being a danger to the community, the defendant is also a risk of flight, and home detention enforced by location monitoring will help to ensure that the defendant does not flee.

In sum, the defendant has repeatedly demonstrated that he is a danger to his community through selling drugs, attacking police officers, associating with known gang members, and even behaving aggressively towards the woman who has allowed him to live in her home while this violation has been pending. The defendant's requests for a modification of the conditions of his pretrial release should be denied.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York

By: _____
William K. Stone
Assistant United States Attorney
(212) 637-2521

cc:   Arlo Devlin-Brown, Esq.
      Kevin JeanBaptiste, Esq.